Baits v. The People.

ANSON Z. BAITS

V.

THE PEOPLE.

*Practice—Bill of Exceptions—When not Part of Record—Conspiracy to Defraud County—Indictment—Sufficiency of—Wolf Scalps—Bounty.*

`. A bill of exceptions signed after the term, no time having been asked or obtained within which to present a bill of exceptions, is not a part of the record and can not be so considered on error.

2. In a criminal prosecution charging a conspiracy to defraud a county by obtaining bounties for wolf scalps taken from wolves not killed within the county, this court holds that the indictment is sufficient.

[Opinion filed April 20, 1888.]

IN ERROR to the Circuit Court of Fayette County; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Mr. F. M. GUINN, for plaintiff.

Mr. J. M. ALBERT, for defendant.

*Per Curiam.* The plaintiff in error was indicted jointly with one W. N. Nordike for a conspiracy to defraud the County of Fayette. It appears that the County Board had passed a resolution offering a bounty for the killing of wolves within the county, and upon any party presenting wolf scalps to the County Clerk and making affidavit the wolf from which the scalp was taken was killed in said county within sixty days prior to the time of presentation should be entitled to the bounty. A motion was made to quash the indictment which was overruled by the court, and its action in this regard is here assigned as error.

We have carefully examined the indictment and think it sufficient. It, in terms sufficiently apt, charges the defendants with conspiring to defraud the county out of such bounty by falsely representing and swearing that the scalps they presented to the County Clerk were taken from wolves killed by them in the locality and within the time limited in the order, and the overt acts charged are that they presented scalps and obtained the bounty when wolves were not killed within said county.

We are satisfied no error was committed in putting the defendant upon trial upon the indictment. The principal argument made at the bar by counsel for plaintiff in error is in support of the error assigned, that the verdict is not supported by the evidence.

In answer to this the State's Attorney insists that there is no bill of exceptions in the record that can be considered by the court, and calls our attention to the fact that the term of the Circuit Court at which the defendant was convicted adjourned for the term on the 28th day of September, without the defendant asking for or obtaining time to present a bill of ex-

ceptions in vacation, and that the bill was signed and filed on the 6th day of October. Upon examining the record we find the fact to be as claimed by the people. No order appears allowing further time to present a bill of exceptions and it affirmatively appears by the certificate of the Judge that it was signed on the 6th day of October. This being so it became no part of the record and we are precluded by the practice in this State from examining such assignment of error. It was so held in Hand v. Miller, 24 Ill. 636, and in many subsequent cases not necessary here to cite. No objection is taken to the record proper other than that to the indictment which we have noticed. Rejecting the bill of exceptions, as we must do, no error is apparent and the judgment must be affirmed.

*Judgment affirmed.*